UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD J. DIOR, | ) |
| Plaintiff, | ) No. 4:18-CV-1255 RLW |
| v. | ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion for Summary Judgment (ECF No. 18) and Plaintiff's Motion for Summary Judgment (ECF No. 21). These matters are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Todd Dior ("Dior") and Defendant American Family Mutual Insurance Company, S.I. ("American Family") are parties to an automobile insurance policy (the "Policy"), which covered the period of July 27, 2017 to January 27, 2018. (Joint Stipulation of Undisputed Material Facts ("SUMF", ECF No. 20, ¶¶1-2). The vehicle insured by the Policy was Dior's 2014 Cadillac XTS. (SUMF, ¶3). The Policy includes an endorsement for "Underinsured Motorist—Bodily Injury Coverage." (SUMF, ¶4).

Under the insuring agreement for the Policy's "Underinsured Motorist-Bodily Injury Coverage," American Family agreed to insure Dior for "Underinsured Motorist-Bodily Injury" under the following terms and conditions:

B. Insuring Agreement

1. Subject to the provisions contained within each section of this endorsement, we will pay compensatory damages for bodily injury an insured person is legally entitled to recover from the operator of an underinsured motor vehicle. The amount of compensatory damages for bodily injury an insured person is legally entitled to recover from the operator of an underinsured motor vehicle. The amount of compensatory damages we will pay will never exceed the underinsured motorist coverage limits of liability shown on the Declarations minus any payment or reduction set forth in Section D. Limits of Liability, paragraph 6. in this endorsement. The bodily injury must:
    a. be sustained by an insured person;
    b. be caused by the accident; and
    c. arise out of the ownership, maintenance or use of an underinsured motor vehicle.
2. You must notify us of any suit brought to determine legal liability or damages. Without our written consent, we are not bound by any resulting settlement or judgment.
3. We will pay under the Underinsured Motorist-Bodily Injury Coverage only if:
    a. the limits of liability under all applicable bonds or policies providing bodily injury liability coverage have been exhausted by payment of judgments or settlements; and
    b. the insured person informs us of a settlement offer by or on behalf of the owner or operator of the underinsured motor vehicle and requests our written consent to accept such offer.

(SUMF, ¶5).

The Policy's "Underinsured Motorist-Bodily Injury Coverage" endorsement defines "underinsured motor vehicle" as follows:

3. Underinsured motor vehicle:

a. means a land motor vehicle insured or bonded for bodily injury liability at the time of the accident with limits of liability lower than the limits of Underinsured Motorist-Bodily Injury Coverage.

(SUMF, ¶6).

The parties agree that Dior is an "insured person," as that term is defined by the Policy's "Underinsured Motorist-Bodily Injury Coverage." (SUMF, ¶7). The limits of the Policy's

"Underinsured Motorist-Bodily Injury Coverage" is $500,000, as stated in the Policy's declaration page. (SUMF, ¶8).

On October 8, 2017, Dior was operating a 2015 Honda PCX 150 motor scooter when it was struck by a Hyundai Genesis operated by a third party, Muhammad Asif (hereinafter, referred to as the "Collision"). (SUMF, ¶9). Dior's 2015 Honda PCX 150 was insured by an insurance policy issued by GEICO that did not provide for Underinsured Motorist Coverage. (SUMF, ¶10). Dior did not receive any underinsured motorist coverage payments from GEICO. (SUMF, ¶11). Dior sustained "bodily injury, as that term is defined by the Policy's "Underinsured Motorist-Bodily Injury Coverage" endorsement, as a result of the Collision. (SUMF, ¶12). Dior notified American Family that he suffered "bodily injury" from the Collision and he would assert a claim against Muhammad Asif. (SUMF, ¶13). Dior is legally entitled to recover compensatory damages in excess of $600,000.00 from Muhammad Asif for the injuries Dior sustained in the Collision. (SUMF, ¶14).

The motor vehicle operated by Muhammad Asif was insured by GEICO for bodily injury liability coverage, with applicable limits of $100,000.00. (SUMF, ¶15). Muhammad Asif and his insurer, GEICO, tendered the $100,000.00 limits of the bodily injury liability coverage to Dior, which he accepted. (SUMF, ¶¶16-19).

Dior demanded American Family pay the $500,000.00 limits of the Policy's "Underinsured Motorist-Bodily Injury Coverage." (SUMF, ¶21). The Policy's "Underinsured Motorist-Bodily Injury Coverages" has the following exclusions:

> C. Exclusions
>
> This coverage does not apply:
> 1. To bodily injury sustained while occupying a vehicle which is owned by you or furnished or available for regular use by you.
> This exclusion does not apply to a vehicle that is:

a. shown in the Declarations with Underinsured Motorist-Bodily Injury Coverage;
b. a replacement vehicle that replaces a vehicle shown in the Declarations with Underinsured Motorist-Bodily Injury Coverage;
c. a temporary substitute vehicle used as a substitute for a vehicle shown in the Declarations with Underinsured Motorist-Bodily Injury Coverage; or
d. an additional vehicle or rental vehicle if there is a vehicle shown in the Declarations with Underinsured Motorist-Bodily Injury Coverage.

(SUMF, ¶22). The 2015 Honda PCX motor scooter was operated by Dior in the Collision. (SUMF, ¶24). Dior owned the 2015 Honda PCX 150 motor scooter and it was available for his regular use. (SUMF, ¶25).

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e);

*Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

**B. Discussion**

"State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship." *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir.2012). Under Missouri law, interpretation of an insurance policy is a question of law. *Russo v. Frasure*, 371 F. Supp. 3d 586, 590 (E.D. Mo. 2018). When "construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009); *Russo*, 371 F. Supp. 3d at 590; *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008) (the court construes ambiguous provisions against the insurer). Absent an ambiguity, the insurance policy must be construed and enforced as written. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007).

The threshold question before the Court is whether the Policy provided Dior with underinsured motorist coverage for his injuries resulting from the accident. "Under Missouri law, 'the insured has the burden of showing that the loss and damages are covered by the policy.'"

*Breckenridge v. State Farm Mut. Auto. Ins. Co.*, No. 06-0721-CV-W-NKL, 2007 WL 2226048, at *3, 2007 U.S. Dist. LEXIS 55535, at *7 (W.D. Mo. July 31, 2007)(citation omitted).

The Policy included "Underinsured Motorist-Bodily Injury Coverage" ("UIM Coverage") under which American Family would pay compensatory damages for bodily injury an insured person was legally entitled to recover from the operator of an underinsured motor vehicle. (SUMF, ¶5). The parties agree that Dior suffered "bodily injury" as a result of his October 8, 2017 collision with Muhammad Asif. (SUMF, ¶¶2, 5, 12). The parties further maintain that the vehicle operated by Mr. Asif was secured by an automobile liability insurance policy with limits of $100,000, which was less than the $500,000.00 limits of Dior's underinsured motorist coverage. Thus, Mr. Asif was operating an "underinsured motor vehicle" as defined by the Policy. (SUMF, ¶12). The parties have stipulated Dior was legally entitled to compensatory damages in excess of $600,000.00. The parties further agree that Dior was operating a motor scooter at the time of the collision. (SUMF,¶9).

American Family relies on the Policy's "owned vehicle exclusion" ("OVE") to exclude coverage of Dior's motor scooter and the damages resulting from the collision. American Family claims that Dior's claim for UIM coverage is excluded as a result of the OVE. (ECF No. 19 at 4).

Dior asserts the Policy's OVE is ambiguous and must be construed against American Family. Dior notes the OVE states it is only applicable to "**bodily injury** sustained while **occupying** a vehicle which is owned by or furnished or available for regular use by you." (SUMF, ¶22). Dior states the Policy does not define "vehicle." However, the Policy defines "additional vehicle," "rental vehicle," "replacement vehicle," and "temporary substitute vehicle." (SUMF, ¶¶26-29). Dior emphasizes that, in every one of those instances, the Policy defines the term

- 6 -

"vehicle" to include only "private passenger cars." (ECF No. 26 at 2-3). In turn, "private passenger cars" requires "at least four wheels" under the Policy. (SUMF, ¶¶26-30; ECF No. 26 at 3). Dior maintains that the term "vehicle" cannot be interpreted in isolation and that the OVE should be found to be ambiguous, construed against American Family, and defined as a "private passenger car" with "at least four wheels." (ECF No. 22 at 9; ECF No. 26 at 3).

When an insurer chooses to use a term in an insurance policy but does not define it, the term "will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Manner v. Schiermeier*, 393 S.W.3d 58, 62 (Mo. banc 2013) (quoting *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992)); *Corrigan v. Progressive Ins. Co.*, 411 S.W.3d 306, 314 (Mo. Ct. App. 2013). "To determine the ordinary meaning of a term, courts consult standard English language dictionaries." *Lupo v. Shelter Mut. Ins. Co.*, 70 S.W.3d 16, 22 (Mo. Ct. App. 2002). Dictionary.com defines "vehicle" as "1. any means in or by which someone travels or something is carried or conveyed; a means of conveyance or transport: *a motor vehicle; space vehicles.* 2. a conveyance moving on wheels, runners, tracks, or the like, as a cart, sled, automobile, or tractor." *See* https://www.dictionary.com/browse/vehicle?s=t (last visited October 11, 2019). Applying the definition of "vehicle" to the terms of the Policy, it is reasonable to assume a lay person would understand that a motor scooter is encompassed within the definition of vehicle, such that the policy's owned vehicle exclusion also applies to motor scooters.

Furthermore, the Court holds that the use of the term "vehicle" in other parts of the Policy to include only "private passenger cars"—except for the UIM provision—does not create uncertainty in the meaning of the Policy. *See Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009). Rather, the use of the term "vehicle" in the UIM provision appears to serve

"vehicle" to include only "private passenger cars." (ECF No. 26 at 2-3). In turn, "private passenger cars" requires "at least four wheels" under the Policy. (SUMF, ¶¶26-30; ECF No. 26 at 3). Dior maintains that the term "vehicle" cannot be interpreted in isolation and that the OVE should be found to be ambiguous, construed against American Family, and defined as a "private passenger car" with "at least four wheels." (ECF No. 22 at 9; ECF No. 26 at 3).

When an insurer chooses to use a term in an insurance policy but does not define it, the term "will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Manner v. Schiermeier*, 393 S.W.3d 58, 62 (Mo. banc 2013) (quoting *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992)); *Corrigan v. Progressive Ins. Co.*, 411 S.W.3d 306, 314 (Mo. Ct. App. 2013). "To determine the ordinary meaning of a term, courts consult standard English language dictionaries." *Lupo v. Shelter Mut. Ins. Co.*, 70 S.W.3d 16, 22 (Mo. Ct. App. 2002). Dictionary.com defines "vehicle" as "1. any means in or by which someone travels or something is carried or conveyed; a means of conveyance or transport: *a motor vehicle; space vehicles.* 2. a conveyance moving on wheels, runners, tracks, or the like, as a cart, sled, automobile, or tractor." *See* https://www.dictionary.com/browse/vehicle?s=t (last visited October 11, 2019). Applying the definition of "vehicle" to the terms of the Policy, it is reasonable to assume a lay person would understand that a motor scooter is encompassed within the definition of vehicle, such that the policy's owned vehicle exclusion also applies to motor scooters.

Furthermore, the Court holds that the use of the term "vehicle" in other parts of the Policy to include only "private passenger cars"—except for the UIM provision—does not create uncertainty in the meaning of the Policy. *See Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009). Rather, the use of the term "vehicle" in the UIM provision appears to serve

a deliberate purpose: to prohibit stacking of any policies held by the insured, including motor scooters or any other "vehicles." *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 368 S.W.3d 174, 180 (Mo. Ct. App. 2012) (UIM section was intentionally worded broadly in order to preclude stacking of any policies). American Family's Policy's OVE exclusion "simply and unambiguously precludes coverage for damages sustained while the insured is occupying a vehicle he owns that is not included on the polic[ies'] declarations page." *Walker v. Progressive Direct Ins. Co.*, 840 F.3d 491, 493 (8th Cir. 2016). Because the Policy's use of the term "vehicle" does not create "duplicity, indistinctness, or uncertainty in the meaning" of the Policy, the Court holds the Policy is not ambiguous. *Bush v. Shelter Mut. Ins. Co.*, 412 S.W.3d 336, 339 (Mo. Ct. App. 2013) (citing *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007) (internal quotation omitted)); *see also Ritchie*, 307 S.W.3d at 135; *Corrigan v. Progressive Ins. Co.*, 411 S.W.3d 306, 315 (Mo. Ct. App. 2013). The Court applies the term "vehicle" in the UIM broadly enough to include Dior's motor scooter.

The Court finds that the UIM provision's use of the term "vehicle" is unambiguous and cannot form the basis of construing the Policy against American Family. It is undisputed that Dior incurred his bodily injuries for which he now seeks coverage while occupying a motor scooter owned by Dior but not described on the declarations page of the Policy. Therefore, the Court holds that the OVE applies and mandates entry of summary judgment in favor of American Family and against Dior. *See Bush v. Shelter Mut. Ins. Co.*, 412 S.W.3d 336, 340 (Mo. Ct. App. 2013).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

An appropriate Judgment is filed herewith.

Dated this 30th day of October, 2019.

                                                  */s/ Ronnie L. White*
                                                  **RONNIE L. WHITE**
                                                  **UNITED STATES DISTRICT JUDGE**